**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

| | |
|---|---|
| DEBBIE L. SANDERS,<br>Plaintiff,<br>vs.<br>UNUM LIFE INSURANCE COMPANY OF AMERICA,<br>Defendant. | Case No.: |

**COMPLAINT**

COMES NOW the Plaintiff, DEBBIE L. SANDERS, by and through the undersigned attorney, and files this Complaint stating a cause of action against Defendant, UNUM LIFE INSURANCE COMPANY OF AMERICA, and alleges as follows:

1. This is an action for recovery of benefits under an employee welfare benefit plan brought pursuant to 29 U.S.C. §1132(a)(1)(b)(ERISA).

2. Plaintiff, DEBBIE L. SANDERS, is an adult resident citizen of Escambia County, Florida.

3. Defendant, UNUM LIFE INSURANCE COMPANY OF AMERICA (hereinafter "UNUM"), is a foreign corporation authorized to engage and engaging in business within the State of Florida.

4. This Court maintains subject matter jurisdiction over this action pursuant to 29 U.S.C. § 1132(e) and 28 U.S.C. § 1331.

5. Plaintiff and/or her employer, CVS Pharmacy Incorporated, purchased through her employer a contract of salary continuance insurance including short term disability (STD) benefits (hereinafter "the STD Plan"), long term disability (LTD) benefits (hereinafter "the LTD Plan"), and waiver of life insurance premium (WOP) benefits (hereinafter the "WOP Plan"), effective on or about June 1, 2011.

6. At all times material to this Complaint, the STD Plan, LTD Plan, and WOP Plan were in full force and effect and Plaintiff was a Plan participant in each.

7. Defendant, UNUM, is in possession of all master STD Plan, LTD Plan, and WOP Plan documents.

8. Defendant is a third party plan administrator or claims fiduciary given discretion to interpret STD Plan, LTD Plan, and WOP Plan provisions and is an STD Plan, LTD Plan, and WOP Plan fiduciary, or alternatively, is an STD Plan, LTD Plan, and WOP Plan fiduciary without discretion to interpret STD Plan, LTD Plan, and/or WOP Plan provisions.

9. On or about April 13, 2015, Plaintiff became totally disabled from her past employment as defined by the STD Plan, LTD Plan, and WOP Plan, due to atrial fibrillation, shortness of breath, Crohn's disease, tremors, and other exertional and non-exertional impairments.

**COUNT I**

**BREACH OF CONTRACT FOR SHORT TERM DISABILITY BENEFITS**

10. Plaintiff re-alleges and reavers each and every allegation contained in Paragraphs 1 through 9, *supra*, as if delineated here.

11. Plaintiff made an application for Short Term Disability benefits under the STD Plan on or about April 20, 2015.

12. Plaintiff's application for Short Term Disability benefits was approved by Defendant or its agents, with payments to begin on or about April 21, 2015.

13. Plaintiff's Short Term Disability benefits were terminated on or about September 17, 2015, with no payments paid after August 17, 2015.

14. Plaintiff appealed said denial of Short Term Disability benefits on or about March 11, 2016.

15. On or about April 11, 2016, Defendant upheld its previous denial.

16. Plaintiff continues to remain totally disabled from employment, as defined by the STD Plan, due to atrial fibrillation, shortness of breath, Crohn's disease, tremors, and other exertional and non-exertional impairments.

17. Plaintiff has exhausted all mandatory administrative remedies afforded by the STD Plan and has otherwise complied with all conditions precedent to this action.

18. Each of the Defendant's denials of Plaintiff's claims for Short Term Disability benefits was arbitrary and capricious, constituted abuse of Defendant's discretion under the STD Plan, and derogated Plaintiff's right to disability benefits under the terms of the STD Plan.

**COUNT II**

**BREACH OF CONTRACT FOR LONG TERM DISABILITY BENEFITS**

19. Plaintiff re-alleges and reavers each and every allegation contained in Paragraphs 1 through 9, *supra*, as if delineated here.

20. Plaintiff made a timely application for Long Term Disability benefits under the LTD Plan, receipt of which was confirmed by Defendant on or about December 11, 2015.

21. Plaintiff's application for Long Term Disability benefits was denied by Defendant or its agents on or about April 21, 2016.

22. Plaintiff appealed said denial of Long Term Disability benefits on or about October 20, 2016.

23. On or about October 21, 2016, Defendant acknowledged receipt of Plaintiff's appeal.

24. On or about December 2, 2016, Defendant upheld its previous denial.

25. Plaintiff continues to remain totally disabled from employment, as defined by the LTD Plan, due to atrial fibrillation, shortness of breath, Crohn's disease, tremors, and other exertional and non-exertional impairments.

26. Plaintiff has exhausted all mandatory administrative remedies afforded by the LTD Plan and has otherwise complied with all conditions precedent to this action.

27. Each of the Defendant's denials of Plaintiff's claims for Long Term Disability benefits was arbitrary and capricious, constituted abuse of Defendant's discretion under the LTD Plan, and derogated Plaintiff's right to disability benefits under the terms of the LTD Plan.

WHEREFORE, Plaintiff prays for a judgment against the Defendant for all Plan benefits owing at the time of said judgment, pre-judgment interest, attorney's fees, costs of this action,

and all other relief deemed just and proper by the Court.

**COUNT III – BREACH OF CONTRACT – WAIVER OF PREMIUM**

28. Plaintiff realleges and reavers each and every allegation contained in Paragraphs 1 through 9, *supra*, as if delineated here.

29. As an employee of CVS Pharmacy Incorporated, Plaintiff was provided with waiver of premium coverage benefits pursuant to the terms of a group term life insurance plan issued by Defendant (hereinafter the "WOP Plan").

30. At all times material to this Complaint, the WOP Plan was in full force and effect and Plaintiff was a WOP Plan participant.

31. Defendant, UNUM, is in possession of all master WOP Plan documents.

32. Defendant is a third party plan administrator or claims fiduciary given discretion to interpret WOP Plan provisions and is a WOP Plan fiduciary, or alternatively, is a WOP Plan fiduciary without discretion to interpret WOP Plan provisions.

33. On or about April 13, 2015, Plaintiff became totally disabled from her past employment as defined by the WOP Plan, due to atrial fibrillation, shortness of breath, Crohn's disease, tremors, and other exertional and non-exertional impairments.

34. Plaintiff made a timely application for waiver of premium coverage benefits under the WOP Plan.

35. Plaintiff's application for waiver of premium was initially approved by Defendant or its agents.

36. Defendant subsequently terminated the WOP Plan benefits.

37. Plaintiff appealed said termination of benefits.

38. Defendant upheld its termination of the WOP Plan benefits.

39. Plaintiff continues to remain totally disabled from employment, as defined by the WOP Plan, due to atrial fibrillation, shortness of breath, Crohn's disease, tremors, and other exertional and non-exertional impairments, thereby entitling her to a waiver of premium.

40. Plaintiff has exhausted all administrative remedies afforded by the WOP Plan and has otherwise complied with all conditions precedent to this action.

41. Each of the Defendant's denials of Plaintiff's claims for waiver of premium benefits under the WOP Plan was arbitrary and capricious, constituted abuse of Defendant's discretion under the WOP Plan, and derogated Plaintiff's right to waiver of premium benefits under the terms of the WOP Plan.

WHEREFORE, Plaintiff prays for a judgment against the Defendant for all WOP Plan benefits owing at the time of said judgment, pre-judgment interest, attorney's fees, costs of this action, and all other relief deemed just and proper by the Court.

Dated: March 17, 2017

/s/ *Nick A. Ortiz*
Nick A. Ortiz
Florida Bar No. 12699
Ortiz Law Firm
823 E. Jackson St.
Pensacola, FL 32501
(850) 308-7833(P)
(850) 208-3613 (F)
nick@nickortizlaw.com
Counsel for Plaintiff